UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-21642-BLOOM/Otazo-Reyes**

SALINAS FALUN SMITH,

    Plaintiff,

v.

DR. JESSICA SIMPSON,
DR. FRANK B. SCHMIDT,

    Defendant.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On May 2, 2023, Plaintiff Salinas Falun Smith filed a Complaint, ECF No. [1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*"), ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 23-cv-21642-BLOOM/Otazo-Reyes

The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff has filed his Complaint with the Court asserting a claim under the Civil Rights Act, 42. U.S.C. §1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff's Complaint states his name and the names of the Defendants and their official positions and the word "assault." He does not include any factual allegations at all in his Complaint, but attaches multiple records and forms. Without any factual allegations, Plaintiff's Complaint does not state a viable claim for relief under 42. U.S.C. §1983 because Plaintiff does not allege that he was deprived of a Constitutional or federal right by Defendants and does not allege that Defendants acted under color of state law.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion to Proceed *in forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk shall **CLOSE** the case.

Case No. 23-cv-21642-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Salinas Falun Smith
1034 West Peachtree St
Atlanta, GA 30309
Pro Se